**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY F. MANGUM, pro se, as parent of I.M. a minor; ELIZABETH W. MANGUM, Individually and as parents of I.M., a minor,<br><br>            Plaintiffs - Appellants,<br><br>  v.<br><br>RENTON SCHOOL DISTRICT #403,<br><br>            Defendant - Appellee. | No. 13-35320<br><br>D.C. No. 2:10-cv-01607-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gary and Elizabeth Mangum, parents of I.M., a home-schooled student, appeal *pro se* the district court's judgment in their action under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–82 ("IDEA"); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act ("ADA") and its implementing regulations, 42 U.S.C. § 12132, 28 C.F.R. § 35.103(a); and the Washington Law Against Discrimination ("WLAD"), RCW § 49.60.215(1), in favor of Renton School District # 403 ("the District").[1] Because the parties are familiar with the facts, we do not review them here.

The district court properly granted summary judgment to the District on the Mangums' IDEA claims relating to actions prior to April 2008 because the Mangums failed to challenge the relevant actions of the District within the two-year period required by the statute, and none of the exceptions to the two-year requirement are applicable here. 20 U.S.C. § 1415(f)(3)(C)–(D). The district court properly held that the Mangums had no valid claims based on conduct between April 2008 and the administrative law judge's ("ALJ's") June 2010 ruling because the District complied with the Washington IDEA regulations, WAC § 392-172A-05005(1)(b), (2)(c), (5)(a), (7)(b), and that they had not exhausted any IDEA claims based on the District's conduct after the ALJ's decision in 2010.

---

[1]We construe the proceedings as the district court did, and consider the Mangums' claims as brought in their representative, but not individual, capacity.

The fact that the District filed a motion for summary judgment in response to the First Amended Complaint, and an Answer to the Second Amended Complaint, absolves the District of the requirement to file an Answer to the First Amended Complaint. FED. R. CIV. P. 12, 56.

A district court's rulings relating to discovery are given "wide latitude," and those "rulings will not be overturned in absence of a clear abuse of discretion." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (internal quotation marks omitted). The Mangums have produced no evidence to support the claims that the district court abused its discretion in reviewing discovery requests or objections or that there was an abuse of discretion relating to the question of spoliation of the evidence.

The Mangums have waived any further arguments by failing to brief them adequately on appeal. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*, 547 F.3d 962, 968 n.3 (9th Cir. 2008).

**AFFIRMED.**